UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JAWUAN CRYSTAL BOYKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00202-TWP-KMB |
| ) | |
| UNITED STATES DISTRICT COURT FOR THE ) | |
| SOUTHERN DISTRICT OF INDIANA, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,
GRANTING LEAVE TO AMEND, SCREENING THIRD AMENDED COMPLAINT,
DIRECTING ENTRY OF FINAL JUDGMENT, AND
DENYING REMAINING PENDING MOTIONS AS MOOT**

This matter is before the Court on *pro se* Plaintiff Jawuan Crystal Boykin's ("Boykin") Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2), Motion to Amend Complaint (Dkt. 7), Motion for Summary Judgment (Dkt. 11), Motion to Notify of Rule 2.15 of Misconduct (Dkt. 12), Motion to Add Exhibit (Dkt. 13), Motion in Adherence to 18 U.S.C. 4 (Dkt. 15), Motion to Report Domestic Violence (Dkt. 16), Motion to Disqualify Judge and Magistrate Judge (Dkt. 21), and Motion for Point of Order for Summary Judgment (Dkt. 23). Because Boykin is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the Court **grants** Boykin's request to proceed *in forma pauperis*, **grants** her Motion to Amend Complaint, screens her Third Amended Complaint, **dismisses this action and directs the entry of final judgment**, and **denies** Boykin's remaining motions as moot.

**A.   Filing Fee**

Boykin's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre-*

payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Boykin's *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing[1].

**B.    Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

---

[1] On October 27, 2025, the Court imposed a two-year filing ban on Boykin until she pays $2,100.00 in outstanding filings fees, which was her balance owing as of the date the filing ban was imposed (Dkt. 24). Boykin must pay only $2,100.00 of her outstanding filings fees to have the filing ban lifted, but the $350.00 for bringing this action remains owing.

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

C. **Motion to Amend and Third Amended Complaint**

Boykin initiated this action against the United States District Court for the Southern District of Indiana ("USDC/SDIN") on October 12, 2025. Over the next three days, Boykin filed a first and second amended complaint, followed by her pending Motion to Amend Complaint, which the Court construes as a combined motion for leave to amend and Third Amended Complaint (Dkt. 7). Because the Court **grants** Boykin's request for leave to amend, the Court deems the Third Amended Complaint to be filed as of the date of the motion for leave. The Third Amended Complaint (Dkt. 7) is now the operative pleading and is subject to screening.

In her Third Amended Complaint, Boykin alleges that her constitutional rights have been violated by the South Dearborn School Corporation and local law enforcement (Dkt. 7 at 1). She asserts that she has "asked in most every case filed in this courthouse to refer criminal violations of law to a non-biased law enforcement agency and for witness protection," but her requests have been denied. *Id.* Boykin claims that USDC/SDIN has "held her to a more stringent standard of pleading" and accuses the Judges of this court of bias because her criminal claims and claims against law enforcement agencies have been dismissed. Boykin requests compensatory damages, declaratory relief, and "injunctive relief of appointed counsel and the criminal violations of federal

3

law forwarded to the Federal Bureau of Investigations due to the appearance of bias and conspiracy of fellow stakeholders of the State of Indiana." *Id.* at 7–8.

**D.     <u>Dismissal of the Third Amended Complaint</u>**

This action cannot proceed. As an initial matter, the USDC/SDIN is not an entity subject to suit for a variety of legal reasons and such a lawsuit is both frivolous and harassing[2].

While constitutional claims against federal officials are typically brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) (the federal counterpart to claims against state officials under § 1983), judges, including the judges of USDC/SDIN, are entitled to absolute judicial immunity, which means complete immunity from suit. *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005); *see also Patterson v. Chambers*, No. 22-3235, 2023 WL 6937405, at *1 (7th Cir. Oct. 20, 2023) (unpublished) ("The doctrine of absolute judicial immunity confers complete immunity from suit for acts performed in the judge's judicial capacity."). If Boykin believes that a judge in the USDC/SDIN has committed an error in one of her cases, her remedy is through the appellate process, not a lawsuit against the court itself. *Dawson*, 419 F.3d at 661; *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (finding that absolute immunity extends to judges even when they act with malice or in bad faith). The actions that Boykin challenges are judicial actions that cannot be challenged in a *Bivens* lawsuit.

Although Boykin disagrees with many court orders in her other lawsuits, that does not mean that those orders were an abuse of discretion, issued without jurisdiction, or that the judges of this Court are not entitled to complete immunity. Boykin does not argue that the USDC/SDIN lacked jurisdiction over her constitutional claims, nor could she plausibly do so. There is no doubt

---

[2] Review of a complaint against a court unit does not create a reasonable basis to question the impartiality of an individual judge of the court, and does not automatically mandate recusal where the action is patently frivolous and harassing, such that the impartiality of the judge is not questioned. See Committee on Conduct Advisory Opinion No. 103.

that USDC/SDIN had jurisdiction to hear all of Boykin's claims brought under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Likewise, there can be no dispute that the court had a statutory obligation to screen those claims pursuant to 28 U.S.C. § 1915(e)(2)(B). Boykin's claims are therefore barred by absolute judicial immunity.

Because immunity bars Boykin's claims, this lawsuit is dismissed as legally frivolous. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (frivolous claim is one foreclosed by established precedent). The Seventh Circuit has explained that this label is not intended to impugn a plaintiff's character but recognizes that the claims at issue cannot proceed based on established precedent. *Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022). Given the frivolous nature of Boykin's claims, leave to amend is not warranted. *See Hightower v. Godinez*, 524 F. App'x. 294, 296 (7th Cir. 2013) (unpublished) ("[A] district court does not abuse its discretion by declining to permit futile amendments."). Accordingly, this action is **dismissed**, and Boykin's remaining motions (Dkts. 11, 12, 13, 15, 16, 21, 23) are **denied as moot**.

## CONCLUSION

For the reasons discussed above, Boykin's Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2) is **GRANTED**, her Motion to Amend Complaint (Dkt. 7), is **GRANTED**, this action is **DISMISSED for lack of jurisdiction**, *see* 28 U.S.C. § 1915(e)(2)(B), and Boykin's Motion for Summary Judgment (Dkt. 11), Motion to Notify of Rule 2.15 of Misconduct (Dkt. 12), Motion to Add Exhibit (Dkt. 13), Motion in Adherence to 18 U.S.C. 4 (Dkt. 15), Motion to Report Domestic Violence (Dkt. 16), Motion to Disqualify (Dkt. 21), and Motion for Point of Order for Summary Judgment (Dkt. 23) are **DENIED as moot**.

Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED**.

Date: 12/9/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JAWUAN CRYSTAL BOYKIN
708 Buena Vista Ave
Aurora, IN 47001